**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIELLE CARTER, ZOE MARSH LEIGH, and GERARDO NEGRETE<br><br>Plaintiffs,<br><br>v.<br><br>CHICAGO TEACHERS UNION LOCAL #1, NORA FLANAGAN, CTU DOE MEMBER #1, and UNKNOWN CTU DOE MEMBERS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 26 CV 04250<br><br>Judge John J. Tharp, Jr. |

**ORDER**

For the reasons stated below, the Court dismisses the complaint without prejudice [1]. All pending motions are denied. Judgment will be entered in favor of the defendants. Civil case terminated.

**STATEMENT**

This case began when an Illinois state court entered three emergency restraining orders against Danielle Carter, Zoe Marsh Leigh, and Gerardo Negrete (collectively, the state court defendants). The restraining orders were sought by the Chicago Teachers Union Local No. 1 ("CTU") pursuant to the Workplace Violence Prevention Act. 820 ILCS 275/15. Based on these orders, the state court defendants filed this case in federal court alleging that by seeking and obtaining the restraining orders, CTU had violated their First Amendment rights under 42 U.S.C. § 1983 and had defamed them under state law. The state court defendants also purported to remove the state court cases to federal court and to join them in this case. CTU has moved to remand the state court restraining order cases, and Nora Flanagan moved to quash service of process.

The Court foregoes ruling on the motion to quash because it resolves the case on separate grounds. A justiciable controversy must exist for this Court to exercise subject matter jurisdiction. *Aslin v. Financial Industry Regulatory Authority, Inc.,* 704 F.3d 475, 477 (7th Cir. 2013). If the Court cannot provide the petitioner with an effective remedy, the case is nonjusticiable and moot. *Medlock v. Trs. of Ind. Univ.,* 683 F.3d 880, 882 (7th Cir. 2012). Here, the plaintiffs acknowledge that the restraining orders no longer have legal effect because their limited duration lapsed. R. 16 at 7 ¶¶ 36-38. They concede that "[b]ecause the OPs dissolved as of May 12, 2026 … the portions of Plaintiffs' complaint concerning the First Amendment are now mooted and may be dismissed as such." *Id.* ¶ 38. No live controversy exists, then, in either the "removed" cases or the § 1983

claim because they were based on the restraining orders. Therefore, the Court dismisses the § 1983 claim and the purportedly removed state court cases as moot.[1]

As for the defamation claim, when a district court dismisses all the claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction over any remaining claims. *See* 28 U.S.C. § 1367(c)(3). With the § 1983 claim dismissed, only the state common law claim for defamation remains. The Court declines to exercise supplemental jurisdiction over that claim, agreeing with the state court defendants that continued prosecution of that claim is more appropriate in state court. R. 16 at 7 ¶ 39.

Date: September 25, 2026

John J. Tharp, Jr.
United States District Judge

[1] CTU did not object to the removal of the state court cases on procedural grounds. Rather, it contested the removal of those cases for lack of subject matter jurisdiction because the state court cases did not present a federal question. The state court defendants premised subject matter jurisdiction on their invocation of the First Amendment as a defense to CTU's actions in obtaining the restraining orders. As the CTU notes in its motion, however, "the availability of a federal defense to … state claims does not provide a basis for removal." *Fedor v. Cingular Wireless Corp.,* 355 F.3d 1069, 1071 (7th Cir. 2004). "[F]ederal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). "[*D*]*efenses* that rest on federal law [do not suffice] to establish federal-question jurisdiction under *Grable*." *Watt v. Village Place Apartments*, No. 1:26-CV-00637, 2026 WL 2622461, at *7 (N.D. Ill. Sept. 4, 2026) (citing *Chicago Trib. Co. v. Bd. of Trs. of Univ. of Ill.*, 680 F.3d 1001, 1003–04 (7th Cir. 2012)).